**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:  MOTIONS TO WITHDRAW REFERENCE
           IN VARIOUS CASES:

**Honorable Denise Page Hood**

| | |
|---|---|
| 12-11555, *In re Nancy Faye Kibbe* | Tammy Terry, Trustee |
| 12-11556, *In re Philip Adorjan* | David W. Ruskin, Trustee |
| 12-11557, *In re Cedric Binns* | Tammy L. Terry, Trustee |
| 12-11558, *In re June Lester* | Tammy L. Terry, Trustee |
| 12-11559, *In re Kimberly Ann Klaus* | Krispen S. Carroll, Trustee |
| 12-11560, *In re Dennis M. Karol* | Tammy L. Terry, Trustee |
| 12-11563, *In re Kenneth and Cynthia Stafford* | Krispen S. Carroll, Trustee |
| 12-11564, *In re Kenneth and Genevie Forbes* | David W. Ruskin, Trustee |
| 12-11565, *In re Shari-Lyn Ann Oberdorf* | Krispen S. Carroll, Trustee |

_____

**OPINION DENYING MOTIONS TO WITHDRAW THE REFERENCE**

**I.   BACKGROUND**

These matters are before the Court on Motions to Withdraw the Reference of the Motions for Relief from Provision in Confirmation Orders Enjoining Internal Revenue Service ("IRS") to Redirect Future Tax Refunds to Trustees filed in each of the bankruptcy actions noted above. These motions were filed by the United States of America ("United States") on April 6, 2012. In each case, the applicable chapter 13 Bankruptcy Trustees ("Trustees") filed responses opposing the Motions to Withdraw the Reference filed in their particular action.

On May 4, 2012, the United States requested an expedited hearing on the issue and for consideration of the merits of the sovereign immunity issue. The Trustees opposed the motion asserting that the United States was merely rearguing its case with no basis for either relief and requesting that the Court strike the motion. The Court initially scheduled the hearing for June 1, 2012, but the United States and the Trustees jointly requested the matter be adjourned because of various counsels' scheduling conflicts.

Prior to these motions, the United States filed a Complaint and Petition for Writ of Mandamus before this Court on September 4, 2009 against the standing chapter 13 Trustees for the Eastern District of Michigan, seeking to enjoin the enforcement of provisions of plan confirmation orders compelling the Internal Revenue Service to pay to the Trustees future tax refunds claimed by chapter 13 debtors. On January 20, 2010, this Court issued an opinion and order issuing a writ of mandamus enjoining the chapter 13 Trustees from enforcing any provisions of the chapter 13 plan confirmation orders to compel the IRS to pay future tax refunds claimed by chapter 13 debtors.

The Trustees appealed the matter to the Sixth Circuit Court of Appeals which issued an opinion reversing this Court, finding that this Court had no jurisdiction to review the matter since the United States lacked standing to seek declaratory or injunctive relief against the Trustees. *United States v. Carroll,* 667 F.3d 742, 745-46 (6th Cir. Jan. 30, 2012). The United States sought rehearing which was denied by the Sixth Circuit on April 27, 2012. *United States v. Carroll,* 2012 WL 1570386 (6th Cir. Apr. 27, 2012)(unpublished).

While the motion for rehearing was pending the United States filed eleven separate Motions to Withdraw the Reference in this district seeking to withdraw the reference on the Motion for Relief filed in the eleven separate bankruptcy actions. Responses and replies have been filed. A hearing was held on the matter.

**II. ANALYSIS**

**A. Possible Companion Cases**

Before addressing the merits of the motions to withdraw the reference, it is noted that when the United States filed the eleven motions to withdraw the reference, the United States urged the Clerk's Office to assign all the cases to the undersigned as a possible companion case to the

previously filed mandamus action. Local Rule 83.50 addresses the issue of how to assign cases from the bankruptcy court as follows:

> **(e) Submitting Papers, Records or Files to the District Court; Assigning District Judges.**
>
> (1) The bankruptcy clerk will submit the necessary papers to the district clerk when:
>
> \* \* \*
>
> (C) a party files a motion to withdraw a case or proceeding;
>
> \* \* \*
>
> (3) Subject to (4), below, the district clerk will assign a civil case number to each matter submitted. The district clerk will assign all cases and proceedings *arising out of a bankrupt estate to the district judge to whom the case was first assigned. If there is no prior assignment, the district clerk will assign the matter under LR 83.11*.

E.D. Mich. LR 83.50(e)(italics added). The district clerk declined to assign the eleven cases to the undersigned because there was no previous case "arising out of a bankruptcy estate" which was assigned to the undersigned. The previous case filed by the United States was an original action–a Complaint for Writ of Mandamus. No specific bankrupt estate was at issue in the prior original action filed by the United States. Two of the eleven new cases were assigned to the undersigned according to the Court's blind draw system; the other nine cases were assigned to various judges. Because the United States noted the case it filed previously, Case No. 09-13505, most of the new cases not assigned to the undersigned by blind draw were reassigned to the undersigned. Each of the bankruptcy cases at issue is based on different facts and brought by different debtors. However, the same legal issue is raised in these new cases as in the writ of mandamus action filed the United

States. Seven of the nine cases were reassigned to the undersigned, for a total of nine cases currently before the Court. Two cases were not reassigned, *In re Brian and Melissa Kelly,* Case No. 12-11561 (Lawson) and *In re Steven and Linda Jurgiel,* Case No. 12-11562 (Duggan). These two cases were voluntarily dismissed by the United States prior to reassignment because the cases did not contain the refund-redirection orders at issue.

### B. Motion to Withdraw the Reference, 28 U.S.C. § 157(d)

#### 1. Reference

The United States argues that the reference should be withdrawn as to the "Identical Motions for Relief filed March 29, 2012" filed by the United States in each of the cases noted above, a "Motion for Relief from Provision in the Confirmation Orders Enjoining IRS to Redirect Future Tax Refunds to Trustees (Unless the Sixth Circuit Grants Rehearing in United States v. Carroll) and to Stay Enforcement of all Such Orders During These Proceedings." The Trustees filed responses in each of the cases opposing the motion to withdraw the reference.

Before the Court addresses the merits of the motion, the Court will address whether a "motion" only, as opposed to the all the underlying bankruptcy action, can be withdrawn. Local Rule 83.50 provides:

> **(a) Matters Referred to the Bankruptcy Judges**
>
>> (1) Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

E.D. Mich. LR 83.50(a)(1). Based on the referral, this district court has referred "all cases under

Title 11 ... and any or all proceedings arising under Title 11" to the bankruptcy court. The term "proceeding" is generally referred to in connection with the terms "core" and "non-core" proceedings before the bankruptcy court. The term "core proceeding" has been noted as "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power," which is distinguished from the adjudication of state-created private rights, which are "non-core" proceedings. *See In re Depew,* 51 B.R. 1010, 1013 (Bkrtcy. Tenn. 1985). The term "arising under" has a well defined and broad meaning which gives bankruptcy courts jurisdiction to hear any matter under which a "claim" is made under a provision of title 11, such as claim of exemptions. *Id.* The underlying Motions for Relief do not appear to be a proceeding related to the restructuring of debtor-creditor relations, given that the United States is not a creditor in these cases, nor do the motions relate to a "claim" by the United States against the bankruptcy estate. The United States has not cited any authority to support withdrawal of one particular motion from a bankruptcy action.

It is noted that the Sixth Circuit's ruling was very particular. The Sixth Circuit ruled that the United States lacked standing because it sued the wrong parties–the Trustees. *Carroll,* 667 F.3d at 745. As noted by the Sixth Circuit,

> The government sued a group of bankruptcy trustees, but the harm it suffered–administrative costs associated with processing tax refunds–flows not from the trustees' actions but from the bankruptcy court's orders. When the entity does not like a court order, the answer is not to sue the lawyer or party who recommended the order; it is to appeal the order or, if utterly necessary, to sue the court. Bankruptcy trustees do not control bankruptcy courts.

*Id.* The Sixth Circuit further noted that the trustees are not the only parties to chapter 13 bankruptcies and that the debtor and creditors have an interest in ensuring that tax refunds make their way to the trustees. *Id.* at 746. "The upshot is that the government lacks standing to seek

declaratory or injunctive relief against the trustees." *Id.* The Sixth Circuit went on to note that the government could have filed a direct appeal from the entry of a redirection order, which it did in 2001 in this district. *Id.*

Although in the instant cases the United States styled its requests as "Motions to Withdraw the Reference," it is noted that the only responses to the motions were filed by the Trustees. Based on a review of the motions, the United States is essentially seeking a declaratory action, although styled as a Motion to Withdraw the Reference, raising the same issues already ruled upon by this Court and the Sixth Circuit–the appropriateness of the redirection orders. The United States did not submit the actual "Motion for Relief" filed before the bankruptcy court, the motion it seeks to be withdrawn, until the United States filed its Reply Brief. In the Motion for Relief before the bankruptcy court, it appears the United States is requesting that the refund redirection injunctions contained in the confirmation orders in the cases at issue be dissolved or vacated as void.

The Court finds that the "Motions for Relief" which the United States asks this Court to withdraw should be first addressed by the Bankruptcy Court since the United States has not shown that such a "motion" can be withdrawn. It appears the United States is attempting to bypass any time limitations under Bankruptcy Rule 9024 as to any motions seeking relief from a judgment or order or to seek revocation of a confirmation order. Bankr. R. 9024. Modification of a chapter 13 plan after confirmation is governed by 11 U.S.C. § 1329 and revocation of an order of confirmation is governed by 11 U.S.C. § 1330 (180 days from the entry of the confirmation order). The Court will not circumvent the appropriate procedures in the bankruptcy rules as to seeking relief from an order of confirmation. The Sixth Circuit did not address the merits of the case because it found that it had no authority to do so; this Court will not address the merits of the motions at issue, however

styled, in order to circumvent the procedural and appellate rules pertaining to confirmation orders.

### 2. Mandatary Withdrawal

If the "Motion for Relief" could be withdrawn, as opposed to withdrawal of the underlying bankruptcy action, the Court addresses the Motion to Withdraw the Reference argument.

Addressing the motion to withdraw the reference, the United States argues that this Court has authority to withdraw the reference both under the mandatory and discretionary withdrawal provisions. The Trustees oppose the withdrawal of the reference. The Court addresses the mandatory withdrawal provision first.

The Bankruptcy Rules provide that a motion for withdrawal of a case shall be heard by a district judge. Bankr.R. 5011(a). Motions for withdrawal must be filed pursuant to Rule 5005(a). The withdrawal statute, 28 U.S.C. § 157(d), provides discretionary and mandatory withdrawal of cases or proceedings referred to the bankruptcy court as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The burden of withdrawal is on the movant. *In re Anderson,* 395 B.R. 7, 9 (E.D. Mich. 2008).

There are three conditions in the statute which must be met to withdraw a case or proceeding under the mandatory withdrawal provision in § 57(d): 1) the movant is a party; 2) the motion is timely; and 3) the resolution of the proceeding before the Bankruptcy Court requires consideration of both Title 11 and another federal law regulating organizations or activities affecting interstate

commerce. *In re Baldwin-United Corp.,* 47 B.R. 898, 899 (S.D. Ohio 1984).

The United States admits that the Bankruptcy Court has the authority to determine the appropriateness of tax assessments under 11 U.S.C. § 505(a) but argues that the "instant proceeding" does not involve adjudicating tax liabilities but rather involves the administration of the entire tax refund program relating to chapter 13 bankruptcies. The United States did not address the first two conditions in its brief but merely noted that the provision requiring refunds be made to the person who made the tax overpayments is a law regulating activities affecting interstate commerce which goes to the third condition.

The United States has not shown that it is a "party" to the underlying bankruptcy action. The Supreme Court has noted that a "party" to a litigation is "one by or against whom a lawsuit is brought" or one who "becomes a party by intervention, substitution, or third-party practice." *Smith v. Bayer Corp.,* 131 S.Ct. 2368, 2379 (2011). The Sixth Circuit has noted that a charitable trust who is the sole residuary beneficiary of a case, was not a party to the underlying suit. *Estate of Palumbo v. United States,* 675 F.3d 234, 240 (6th Cir. 2012). The Sixth Circuit has identified a "party" as it relates to a bankruptcy includes the debtor, creditors, and equity security holders in the debtor. *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.,* 973 F.2d 474, 480-81 (6th Cir. 1992). The United States does not assert that it is acting as a "creditor" in the underlying bankruptcy actions since it is not seeking unpaid taxes from the debtors. The United States claims that the bankruptcy court's redirection provisions in the confirmation orders affects how the IRS processes those claims. The United States has not shown that it is a "party" to the underlying bankruptcy action.

As to the issue of whether the United States "timely" brought the instant Motions to

Withdraw, courts have held that generally, something will be considered timely if it is done at the "first reasonable opportunity." *In re Baldwin-United Corporation,* 57 B.R. 751, 753 (S.D. Ohio 1985). Timeliness requires that action be taken without undue delay and must be evaluated in the context of the specific situation. *Id.* A motion in a bankruptcy proceeding must be evaluated in light of the status of those proceedings. *Id.* If the motion could have been filed before a reorganization plan or disclosure statement had been approved, the motion would not be timely. *Id.* A request for withdrawal should be filed as soon as practicable after it has become clear that "other laws" of the genre described in the statute are implicated, so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar and to prevent unnecessary delay and use of stalling tactics. *Id.* at 754 (quotation omitted). "Once it becomes apparent that such an issue is in the case, a party has a plain duty to act diligently–or else, to forever hold his peace." *Id.*

In this case, it appears that the Motions to Withdraw Reference are untimely as the confirmation plans have been approved in the underlying cases since the United States seeks to withdraw "Motions for Relief" from the provision of the confirmation orders redirecting tax refunds to the trustees. As noted by the Sixth Circuit in *Carroll,* when an entity does not agree with a court order the answer is to appeal the order (or sue the court). *Carroll,* 667 F.3d at 745. The United States had notice of the redirection provisions as early as 2008, when the bankruptcy court entered the first of these orders. (Motion to Withdraw, p. 2) Although the United States claims it filed a mandamus action in 2008, it later withdrew the action. In any event, given the Sixth Circuit's ruling, such an action would not have succeeded since the action was improper. The United States has not shown that the instant Motions to Withdraw the Reference are filed timely.

The third condition requires consideration of both Title 11 and other federal law regulating

9

organizations or activities affecting interstate commerce in order to resolve the proceeding before the Bankruptcy Court. As the United States admits, the Bankruptcy Court has the authority to determine tax liabilities under Title 11. The non-bankruptcy federal law the United States asserts is its sovereign immunity defense. Courts have held that mandatory withdrawal is not required unless resolution of the issue will require "substantial and material consideration of non-bankruptcy federal law." *In re Baldwin*, 57 B.R. at 755. Consideration is substantial and material when the case requires the bankruptcy judge to make a significant interpretation, as opposed to simple application, of federal non-bankruptcy statutes. *In re Anderson,* 395 B.R. at 11. The language of 157(d) regarding mandatory withdrawal is to be construed narrowly. *In re Baldwin,* 57 B.R. at 756.

As to whether or not the issue of sovereign immunity requires "substantial and material consideration of non-bankruptcy federal law," this Court does not so find, given that the Bankruptcy Court is able to review constitutional and standing issues and the United States has not shown that the Bankruptcy Court is unable to address such issues. The United States' argument is that the redirection provision violates its sovereign immunity. However, based on its briefs, it appears the main issue is the sheer number of cases involved and the IRS's ability to handle the redirection orders. The bankruptcy court is versed in law relating to tax issues and IRS redirection orders. Many issues before the bankruptcy court involve tax-related issues and how assets, either from the IRS or other entities, can be garnered by the Trustees. This Court has addressed the sovereign immunity argument which, although not directly addressed by the Court of Appeals, cannot be reached at this time since the United States has not met the two conditions noted above.

For the reasons stated above, mandatory withdrawal is not required as to the "Motion for Relief" from the confirmation orders in the underlying bankruptcy actions.

10

### 3.     Discretionary Withdrawal

The United States argues that the Court should exercise its discretion under § 157(d) to withdraw the reference as to the "Motion for Relief." The Trustees oppose the motion arguing that core matters are at issue and withdrawal would reward forum shopping and add confusion.

Section 157(d) grants the district court the discretion to withdraw the reference for "any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. For the same reasons set forth above, the United States' motions to withdraw the reference are not timely.

Even if the motions were timely, the United States has not established "cause." Courts have considered the following factors to determine whether cause exists to withdraw the reference:  1) judicial economy; 2) uniformity in Bankruptcy administration; 3) reducing forum shopping and confusion; 4) fostering economical use of the debtor's and creditor's resources; 5) expediting the bankruptcy process; and 6) the presence of a jury demand. *In re Appalachian Fuels, LLC,* 472 B.R. 731, 2012 WL 1344984 at *3 (E.D. Ky. 2012). Others courts in this circuit have found that discretionary withdrawal of reference requires "compelling" cause. *Id.* In considering a withdrawal motion, "whether a proceeding is core or non-core ... is a central question." *Id.* at *4. A district court should first evaluate whether the claim is core or non-core and then turn to the other factors. *Id.* Congress has provided a non-exhaustive list of "core" matters in § 157(b)(2), including: 1) matters concerning the administration of the estate; 2) counterclaims by the estate against persons filing claims against the estate; 3) proceedings to determine, avoid, or recover preferences and fraudulent conveyances; 4) orders to turn over property of the estate; and 5) confirmation of plans. 28 U.S.C. § 157(b)(2).

The United States argues that it is not seeking to "modify" the plan confirmation, therefore this issue is not a "core" matter. It claims instead that the refund redirection injunctions should not have been included in the confirmation orders in the first place; no plan modifications are sought. The United States claims that garnishing future income is ordinarily entered in a separate order "after confirmation" as provided in 11 U.S.C. § 1325(c), which states that "[a]fter confirmation of a plan, the court may order any entity from whom the debtor received income to pay all or any part of such income to the trustee." It is noted that 1325(c) is discretionary since it states "may." Even if such an order is generally entered after confirmation, in these cases, the redirection provisions are currently included in the confirmation orders. The United States should have appealed the orders after they were entered. Seeking relief from the redirection provisions is an action to "modify" the plan confirmation order, despite the United States' characterization of its request at this time since the provision is currently in the confirmation orders.

Courts have held that "[r]esolution turning on the interpretation of a prior court order, which in turn interpreted and applied a specific provision of Title 11 ... is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) ..." *In re McKenzie,* 471 B.R. 884, 907 (Bkrtcy. E.D. Tenn. 2012)(quotations and citations omitted). Given that the redirection provision is set forth in the confirmation order, the Court finds that the relief sought by the United States is a "core" proceeding since it essentially seeks to modify the confirmation orders to delete the redirection provisions. The relief requested by the United States also implicates the administration of the estate since the request affects the orders relating to turning property over to the Trustees.

Turning to the other factors, judicial economy and the uniformity of bankruptcy administration, the Court finds that withdrawing the reference would not promote economy or

12

uniformity since the confirmation orders in the underlying Bankruptcy cases have been entered in each of the individual underlying cases. The Sixth Circuit noted in its opinion that the redirection provisions resulted from an attempt by the Bankruptcy Court to improve successful completion of chapter 13 bankruptcy cases because the Eastern District of Michigan ranked near the bottom of judicial districts in completing such cases. *Carroll,* 667 F.3d at 744. Although the United States' prior writ of mandamus action was filed with good intentions, the Sixth Circuit declined to circumvent the jurisdiction issue, noting that the United States could have filed direct appeals from the entry of the redirection orders. *Id.* at 746.

The forum shopping and confusion factors are implicated. Instead of initially seeking a ruling from the Bankruptcy Court on the underlying Motion to Set Aside the redirection provisions, the United States sought to have this Court review the matter. Forum shopping is implicated in that the Bankruptcy Court issued the redirection orders and this Court's previous opinion was favorable to the United States.

As to the debtor's and creditor's resources, creditor resources are not implicated. Inasmuch as the Trustee is attempting to garner the debtor's assets in these redirection provisions, each of the Trustees in the underlying cases have had to file a response to these motions, have had to litigate the same issue previously before this Court and the Court of Appeals. The Trustees' resources have not been economically used by this litigation. As to expediting the bankruptcy process, because the confirmation orders have been entered below, this factor is not at issue, other than litigation of the sovereign immunity issue raised by the United States. The issue before the Court does not implicate the jury demand factor.

Weighing the factors above, the United States has not carried its burden to show that the

Motions to Withdraw the Reference were timely filed. The United States also has not carried its burden that "cause" is present in order for the Court to withdraw the reference in its discretion. It is noted that the Sixth Circuit, both in its main opinion and the opinion denying the motion for rehearing noted that there are at least two courts with appellate jurisdiction over the bankruptcy courts: the district courts and the court of appeals. The Sixth Circuit noted that the United States has the authority to intervene in a bankruptcy case to raise its sovereign-immunity defense. The United States can then appeal and seek a stay from the district court or from the Sixth Circuit "*after* this traditional path has been followed in a case over which we and the district court have jurisdiction." *United States v. Carroll,* 2012 WL 1570386 at *2 (6th Cir. Apr. 27, 2012)(denying motion for r'hrg). The United States failed to do so, but instead filed the instant Motions to Withdraw the Reference. The Sixth Circuit found that the United States' writ of mandamus action was an "unusual vehicle for handling" its assertion of sovereign immunity. *Carroll,* 667 F.3d at 746. Instead of raising the issue before the Bankruptcy Court in a post-confirmation motions, the United States chose to file a motion to withdraw in each of the underlying cases, which is another such "unusual vehicle for handling" the United States' sovereign immunity defense. As noted by the Sixth Circuit, the United States "walked this way before" in that it filed consolidated *appeals* in 2001 in this district and in the Western District of Washington in 2003 regarding redirection provisions involving the IRS. *Id.*

### III. CONCLUSION

For the reasons set forth above, the United States' Motions to Withdraw the Reference and the Motions for Relief from Provision in Confirmation Orders Enjoining the IRS to Redirect Future Tax Refunds are DENIED. An order in each case will be entered.


        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager